McCrary *v.* [Ohio] Department of Rehabilitation and Correction. ■

(No. 87-05301—Decided October 7, 1988.)

Court of Claims of Ohio.

*Rodney W. McCrary, pro se.*

*Anthony J. Celebrezze, Jr.,* attorney general, and *Sally Ann Walters,* for defendant.

Fred J. Shoemaker, J. On October 4, 1988, a trial was held in the above-captioned matter. The plaintiff *pro se* and defense counsel presented oral argument and witnesses concerning the merits of the case.

Upon consideration of the evidence and arguments presented in this matter, the court is of the opinion that plaintiff did not meet his burden of proof. The plaintiff failed to demonstrate that the defendant breached any duty owed to him pertaining to his property at the correctional institution.

In *Mullett* v. *Dept. of Corrections* (Dec. 13, 1976), Court of Claims No. 76-0292-AD, unreported, this court · held that the defendant, the Department of Rehabilitation and Correction, does not have the liability of an insurer with respect to inmate property, but does have the duty to make "reasonable attempts to protect or recover" such property. Furthermore, this court has also held that providing an inmate with a locker box and lock constitutes *prima facie* evidence of defendant's fulfilling its duty of reasonable care when trying to protect an inmate's property. *Watson* v. *Dept. of Rehab. & Corr.* (Mar. 27, 1987), Court of Claims No. 86-02635-AD, unreported. The mere fact of a theft does not prove defendant's negligence. *Angelo* v. *Southern Ohio Correctional Facility* (Apr. 10, 1979), Court of Claims No. 78-0587-AD, unreported.

Accordingly, judgment is hereby rendered in favor of the defendant, the Department of Rehabilitation and Correction, and plaintiff's complaint is dismissed.

*Judgment for defendant.*

Fred J. Shoemaker, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.